JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI DONG and YONUGHUA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>RODNEY HOLMES, and DOES 1 through 3, inclusive,<br><br>Defendants. | Case No.: SACV 22-01560-CJC (KES)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA FOR LACK OF SUBJECT MATTER JURISDICTION |

    On June 7, 2022, Plaintiffs Wei Dong and Yonughua Chen filed this unlawful detainer action in the Superior Court of California, County of Orange against Defendants Rodney Holmes and unnamed Does. (Dkt. 1 [Notice of Removal, hereinafter "Notice"] at 3.)

    On August 22, 2022, Defendant Rodney Holmes removed, asserting that this Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331.  A

defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

It is axiomatic that a federal defense or counterclaim does not give rise to federal-question jurisdiction. The United States Supreme Court "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). "This requires a district court to evaluate whether the plaintiff could have filed its *operative complaint* in federal court…." *Id.* (emphasis added).

Defendant states no cognizable basis for federal question jurisdiction. In the Notice, Defendant contends that this action "arises under the Fourteenth Amendment of the Constitution of the United States, a federal statute." (Notice at 2.) Defendant appears to argue that unlawful detainer proceedings deprive him of his due process rights by not permitting him to raise an affirmative defense.[1] Defendant's potential counterclaims against Plaintiffs (or his theoretical claims against the State of California for violating his due process rights) are not enough to invoke this Court's subject matter jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (finding that the general removal statute does not permit removal based on counterclaims).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, the Court *sua sponte* **REMANDS** this case to Orange County Superior Court.

DATED:    August 24, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] The case cited by Defendant in support of that proposition dealt only with whether the municipal or superior state court had jurisdiction over an unlawful detainer action proceeding when there was a related fraud complaint. *Asuncion v. Superior Ct.,* 108 Cal. App. 3d 141, 166 Cal. Rptr. 306 (Ct. App. 1980).